IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

LENWORTH BAILEY, as the Personal
Representative of the Estate of Lemar Bailey,
individually and on behalf of himself and all others
similarly situated,

       Plaintiff,

v.

ROCKY MOUNTAIN HOLDINGS, LLC, a foreign
limited liability corporation doing business in the
State of Florida and AIR METHODS
CORPORATION, a foreign corporation,

       Defendants.

_____/

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441

PLEASE TAKE NOTICE that Defendants ROCKY MOUNTAIN HOLDINGS, LLC,

and AIR METHODS CORPORATION ("Defendants") hereby give notice of removal of the

above-captioned civil action from the Circuit Court of the Seventeenth Judicial Circuit in and for

Broward County, Florida, to the District Court for the Southern District of Florida, Fort

Lauderdale Division.  Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, the Court

may and should take jurisdiction over this action for all purposes for the following reasons:

1.    **UNDERLYING ACTION.**  On or about October 15, 2013, plaintiff Lenworth Bailey

("Plaintiff") commenced this putative class action filed against Defendants by filing a Class

Action Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward

County, Florida, bearing case number 13-023163.  On October 16, 2013, Plaintiff filed an

Amended Class Action Complaint that was "amended to include exhibits only."  The Amended

Complaint asserts various causes of action related to Defendants' air ambulance services.  These claims are: (1) Declaratory Judgment regarding Defendants' Invoices and Creditor's Claims; (2) Declaratory Judgment -- FDUPTA Violation; (3) Damages for Violation of FDUPTA; (4) Violation of Florida Consumer Collection Practices Act; and (5) Unjust Enrichment.  See Exhibit 1, Amended Complaint and Service of Process.

       2.      As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to either 28 U.S.C. § 1332(d)(2), or in the alternative, 28 U.S.C. § 1331.

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

       3.      Plaintiff served the Amended Complaint upon Defendants on October 18, 2013.  See Exhibit 1.  Accordingly this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

       4.      The Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida is located in the Southern District of Florida, Fort Lauderdale Division.  Therefore, venue is proper pursuant to 28 U.S.C. § 84 because this is the "district and division embracing the place where the action is pending."  See 28 U.S.C. § 1441(a).

       5.      No previous application has been made for the relief requested herein.

       6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants, which papers include Plaintiff's Amended Complaint with Exhibits, and service of process, are attached as Exhibit 1 to this Notice of Removal.  Pursuant to 28 U.S.C.

§ 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

### II.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331, 1332 AND 1441

7.     This case is subject to removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in various sections of 28 U.S.C. § 1332(d), among other sections.

8.     As set forth below, this is a putative class action in which: (1) there are 100 or more members in Plaintiff's proposed class; (2) more than two-thirds of the proposed class have a different citizenship from both Defendants; and (3) the aggregate amount in controversy exceeds $5 million.  Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) and 1453(b).

9.     In the alternative, as set forth below in Section II.D of this Notice, the subject matter of this action is governed by the Airline Deregulation Act, a federal statute, and therefore this action arises under the laws of the United States.  Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### A.     Class Action Consisting of More Than 100 Members

10.     Plaintiff purports to represent  "all patients or their legal representatives that RMH or AIR MEDICAL[1] billed for amounts in excess of that authorized under the Florida Motor Vehicle No-Fault Law" for the period from March 13, 2009 through the date of entry of judgment herein (hereinafter "PIP law class"), plus "all patients or their legal representatives against whom RMH or AIR MEDICAL sought, in violation of the FCCPA, to enforce a debt,"

---

[1]  In the introductory paragraph of the Amended Complaint, Plaintiff had previously defined Defendant Air Methods Corporation as "Air Methods."  The description of the proposed class with "Air Medical" apparently contains a scrivener's error in the name of this Defendant.

3

for the period from March 13, 2011 through the date of entry of judgment herein (hereinafter "FCCPA class").  Am. Compl., ¶ 40.  The Amended Complaint does not allege how many class members exists.  However, the Declaration of Mark Keene makes clear that the number of patients in the proposed PIP law class exceeds 100, and the number of patients in the FCCPA class also exceeds 100 for the purposes of 28 U.S.C. § 1332(d)(5)(B).  *See* Declaration of Mark Keene, ¶¶ 5-6, attached as Exhibit 2 (hereinafter "Keene Declaration").

### B. Diversity of Citizenship

11.     At least one member of the proposed class is a citizen of a state different from Defendants.  28 U.S.C. § 1332(d)(2)(A).

12.     Plaintiff alleges that he is a resident of St. Lucie County, Florida.  Am. Compl. ¶ 17.  Therefore Plaintiff is considered a citizen of the state of Florida.

13.     Plaintiff  alleges that Defendants are foreign corporations doing business in the state of Florida.  In fact, both Defendants are incorporated in the state of Delaware, and have their principal places of business in Colorado.  See Keene Declaration, ¶¶ 2-3.  Therefore Defendants are citizens of a state other than Florida for purposes of determining diversity.  28 U.S.C. § 1332 (c)(1).

14.     The diversity of citizenship between Plaintiff and Defendants satisfies the diversity requirements of CAFA, which requires only that the citizenship of "any member of a class" be diverse from "any defendant."  28 U.S.C. § 1332(d)(2)(A).  In fact, on information and belief, the vast majority of the class members will be citizens of Florida, as they would make up the proposed class of patients involved in automobile accidents in Florida.

15.     Defendants note that 28 U.S.C. §§1332(d)(3) & (d)(4) do not apply to this action because there is no defendant who is a citizen of Florida, the state in which the action was originally filed.

**C.     The Amount in Controversy Exceeds $5,000,000**

16.     The aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000.  28 U.S.C. §§ 1332(d)(2)  & (d)(6).  Defendants dispute that the proposed class may be certified or that it is liable for any of the claims Plaintiff asserts in the Amended Complaint. Although Plaintiff does not plead a specific amount of damages,[2] Defendants can demonstrate by a preponderance of the evidence that the aggregate amount in controversy here exceeds $5,000,000.  *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754-55 (11th Cir. 2010) (when the complaint does not claim a specific amount of damages, the court will consider first whether it is facially apparent from the complaint whether the jurisdictional amount is in controversy; if it is not, the court may consider facts alleged in the notice of removal or the defendants' own affidavits, declarations or other documentation).

17.     As to damages, the Amended Complaint seeks, in part, as to Count I a declaratory judgment that the invoices in question violate Florida's PIP statute, an injunction against Defendants from future violations of the PIP statute, an award of "restitution or reimbursement of [alleged] excess charges collected by Defendants to fully compensate Plaintiff and the Class members," Am. Compl., ¶70F; as to Count II a declaration and injunction against Defendants; as to Count III, actual damages under FDUTPA; as to Count IV, actual damages under the FCCPA,

---

[2]   Plaintiff alleges that this action is for damages in excess of $15,000, and then in an apparent attempt to defeat federal jurisdiction, adds that "upon present information and belief, less than $75,000 per individual claimant and less than $5,000,000 in the aggregate."  Am. Compl. ¶ 13. This allegation is not a specific demand for damages.

plus statutory damages of $1,000 per violation with two separate violations of FCCPA pled (Am. Compl. at ¶¶105-106);  and as to Count V, unjust enrichment damages for overpayment of funds; along with reasonable attorney's fees based upon the creation of a common fund recovery.

18.     On the face of the Amended Complaint and the exhibits, Plaintiff himself was billed $21,064.36 after payments by his auto insurance carrier and health insurance carrier. Multiplying the amount in controversy of Plaintiff himself times the at least 965 other patients who received services from Defendants related to an auto accident, Keene Declaration, ¶ 5,yields a number far in excess of  $20 million.

19.     Looking beyond the face of the complaint to evidence existing at the time of removal, Defendants' billing records reveal that during the class period as defined by the Amended Complaint  (*supra*, ¶ 10), Defendants assisted at least 965 patients in Florida with emergency air ambulance services related to an automobile accident.  Keene Declaration, ¶ 5. The amount billed to patients by Defendants as a result of automobile accidents in Florida, in excess of 200% of Medicare charges, was $7,129,944.07.  *Id.*  ¶ 7.  Under Plaintiff's theory in the Amended Complaint, Defendants are alleged to have violated Florida PIP law by billing patients the amount over 200% of Medicare charges.   This $7 million amount reflects the amount in controversy for the PIP law class, as Plaintiff is seeking an award of restitution or reimbursement for alleged excess charges, and is seeking to enjoin Defendants from collecting this amount.

20.     In addition to the amount in controversy under the PIP law class, the amount in controversy for the FCCPA class must be included in the total amount in controversy, as Plaintiff's claims are intertwined.  Given the allegations in ¶¶ 105 and 106 of the Amended Complaint regarding two different provisions of the FCCPA purportedly violated, this amount at issue is $2,000 multiplied by the number of patients who were billed for services rendered since

March 13, 2011.  Pursuant to the Keene Declaration, there are at least 714 patients in this category.   Keene Declaration, ¶ 6.  Multiplying 714 by $2,000, yields a total amount in controversy for the FCCPA class of  $1,428,000.  Combining this total with the amount in controversy for the PIP law class, it is clear that the amount in controversy in this action exceeds the $5 million jurisdictional amount.[3]

21.    In addition to the total of the amount in controversy for both proposed classes, Plaintiff seeks a common fund recovery of attorney's fees, which is potentially 33% to 40% of the total amount recovered.  This amount is also included in the amount in controversy for jurisdictional purposes.

### D.    Federal Question Jurisdiction Exists to Support Removal

22.    As a separate and alternative ground for removal, federal question jurisdiction exists here as well under 28 U.S.C. § 1331 because Plaintiff's state law claims arise under and are completely preempted by federal law, namely the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b)(1). Specifically, the ADA preempts States from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier." 49 U.S.C. § 41713(b)(1).[4]  Under the ADA's broad preemptive purpose,

---

[3]  The fact that Defendants have provided a breakdown of the two classes alleged by Plaintiffs is not intended to suggest that the classes should be analyzed separately for purposes of CAFA jurisdiction.  As Plaintiff has framed the allegations in the Amended Complaint, his claims are inextricably intertwined, since Plaintiff alleges that Defendants violated the FCCPA by knowingly attempting to collect a debt that Defendants were purportedly not authorized to collect under the Florida Motor Vehicle No-Fault Law.   If the Court were to analyze the FCCPA class separately, then Defendants would assert that the Court has supplemental jurisdiction over the FCCPA claims pursuant to 28 U.S.C. § 1367(a).

[4] Defendants Rocky Mountain Holdings and Air Methods Corporation are "air carriers" for purposes of the ADA and hold Part 135 certificates issued by the Federal Aviation Administration.  *See Med-Trans Corp. v. Benton*, 581 F. Supp. 2d 721, 731-33 (E.D.N.C. 2008).

state law claims having a "connection with or reference to" an airline's prices, routes, or services are preempted. *Morales v. Trans World Airlines, Inc*., 504 U.S. 374, 383-86 (1992).

23.     The intent of Congress in enacting the ADA was to encourage competition and prohibit State economic regulation of air carriers. *Morales*, 504 U.S. at 378-79; *see also Rowe v. N.H. Motor Transport Ass'n*, 552 U.S. 364, 371 (2008) (ADA intended to "assure transportation rates, routes and services that reflect maximum reliance on competitive market forces").

24.     Plaintiff's class action complaint asserts that Defendants overcharged him and other purported class members for air ambulance services.  According to Plaintiff, the amounts that he and other similarly situated class members were are charged by Defendants exceeded the amount permissible under Florida's Motor Vehicle No-Fault Law.  Fla. Stat. § 627.73.

25.     Plaintiff's pleading, on its face, seeks to regulate through application of Florida's no-fault statute the rates and prices that air ambulance operators life Defendants may charge for their services.   The complaint is plainly a state enforcement action related to Defendants' prices and, therefore, is completely preempted by the ADA.  *See Crane v. Native Am. Air Ambulance, Inc.,* No. CV 06-092 TUC FRZ (HCE), 2007 WL 625917 (D. Ariz. Feb. 23, 2007) (finding plaintiff's class action for alleged overcharges by air ambulance operator completely preempted by the ADA); *see also Koutsouradis v. Delta Air Lines, Inc.*, 427 F.3d 1339, 1343-44 (11th Cir. 2005) (finding ADA preemption of plaintiff's contract claim based on alleged unprofessional treatment and mishandling of baggage because claim related to the airline's services).

26.     Federal jurisdiction further lies here because Plaintiff's state law claims "implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005).  Under the "substantial federal question" doctrine, state law claims may give rise to federal jurisdiction when it "appears from the [complaint] that

the right to relief depends up on the construction or application of [federal law]." *Id.* at 313 (quoting *Smith v. Kansas Title & Trust Co.*, 255 U.S. 180 (1921)); *see Franchise Tax Bd. v. Contr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) (federal jurisdiction may exist where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims").

27.      Whether the Florida Motor Vehicle No-Fault Law can dictate the amount that Defendants can seek to recover for its air ambulance services is at the heart of Plaintiff's state law claims.  This raises a substantial issue of federal law because in adopting the ADA, Congress was seeking to "ensure that the States would not undo federal regulation with regulation of their own." *Morales*, 504 U.S. at 378.  Accordingly, because Plaintiff's claims for relief "necessarily depend[] on the resolution of a substantial question of federal law,"[5] *i.e.*, ADA preemption, federal jurisdiction exists.

### III.      THE REQUIREMENTS OF 28 U.S.C. § 1446 ALSO ARE MET

28.      <u>Timeliness:</u>  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  Defendants' designated agent for receipt of service of process first received a copy of the Amended Complaint on October 18, 2013, when it was served by process server.  Exhibit 1.  Therefore, Defendants received a copy of the initial pleading on October 18, 2013.  The Notice of Removal is timely filed.

29.      <u>Removal to Proper Court</u>: This Court is part of the district and division in which the action was filed in Broward County, Florida.  28 U.S.C § 1446(a).

---

[5] *Schaeffer v. Cavallero*, 29 F. Supp. 2d 184, 185 (S.D.N.Y. 1998)(citation omitted).

30.     <u>Procedural Requirements</u>:  As required by 28 U.S.C. § 1446(d), Defendants will file an appropriate notice in the state court action, and will serve on all counsel of  record a true and correct copy of this Notice of Removal. Section 1446(a) also requires a removing party to provide this court a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Amended Complaint and all papers served with the Amended Complaint is attached hereto as Exhibit 1.

WHEREFORE, Defendants ROCKY MOUNTAIN HOLDINGS, LLC and AIR METHODS CORPORATION, respectfully remove this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, bearing Case No. 13-CA-023163-AXXXCE, to this Court pursuant to 28 U.S.C. §§ 1331, 1332 and 1441.

Dated:  November 7, 2013                                Respectfully submitted,

                                                        HOLLAND & KNIGHT LLP

                                                        By:     */s/ Philip E. Rothschild*
                                                        Philip E. Rothschild
                                                        Fla. Bar. No. 0088536
                                                        E-mail:     phil.rothschild@hklaw.com
                                                        515 E. Las Olas Blvd., Suite 1200
                                                        Fort Lauderdale, FL 33301
                                                        T:  954-468-7881
                                                        F:  954-463-2030

                                                        Attorneys for Defendants

#26358229_v6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of November a true and correct copy of this Notice of Removal was served by electronic mail on all counsel or parties of record on the Service List below.

By:   */s/ Philip E. Rothschild*
Philip E. Rothschild

## SERVICE LIST

William Cornwell, Esq.
wjc@weissandhandlerpa.com
David K. Friedman, Esq.
dfk@weissandhandlerpa.com
filings@weissandhandlerpa.com
Weiss, Handler and Cornwell, P.A.
2255 Glades Road, Suite 218-A
Boca Raton, FL 33431
T: 561-997-9995
*Co-Counsel for Plaintiff*

Bruce F. Silver, Esq.
brucesilver@silverlawoffices.com
Silver & Silver, P.A.
6100 Glades Road, Suite 201
Boca Raton,  FL 33434
T: 561-488-3344
*Co-Counsel for Plaintiff*

#26358229_v6