**"COMPOSITE EXHIBIT 1"**

 **CT Corporation**

**Service of Process
Transmittal**
10/18/2013
CT Log Number 523718796

|||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**  Cheryl Brackney
Air Methods Corporation
7301 South Peoria
Englewood, CO 80112-

**RE:**  **Process Served in Florida**

**FOR:**  Rocky Mountain Holdings, L.L.C. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lenworth Bailey, as the Personal Representative of the Estate of Lemar Bailey, individually and on behalf of himself and all others similarly situated, Pltf. vs. Rocky Mountain Holdings, LLC, etc. and Air Methods Corporation, etc., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Document in a Foreign Language, Amended Class Action Complaint, Exhibit(s), |
| **COURT/AGENCY:** | Broward County Circuit Court, FL Case # CACE13023163 |
| **NATURE OF ACTION:** | Violations of the Florida Consumer Collection Practices Act - Defendants' invoices and creditor's claim are attempting to collect amounts from persons transported by air ambulance - Seeking Declaratory Judgment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/18/2013 at 14:45 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | William J. Cornwell Weiss, Handler & Cornwell, P.A. One Boca Place 2255 Glades Road Suite 218-A Boca Raton, FL 33431 561-997-9995 |
| **REMARKS:** | .. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/19/2013, Expected Purge Date: 10/24/2013 Image SOP Email Notification, Sharon Keck skeck@airmethods.com Email Notification, Jodi Losinger jlosinger@airmethods.com Email Notification, Crystal Gordon cgordon@airmethods.com Email Notification, Esmeralda Contreras econtreras@airmethods.com Email Notification, Cheryl Brackney cheryl.brackney@airmethods.com Email Notification, Lisa Edwards lisa.edwards@airmethods.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
10/18/2013
CT Log Number 523718796

**TO:**     Cheryl Brackney
            Air Methods Corporation
            7301 South Peoria
            Englewood, CO 80112·

**RE:**     **Process Served in Florida**

**FOR:**    Rocky Mountain Holdings, L.L.C. (Domestic State: DE)

**ADDRESS:**        1200 South Pine Island Road
                    Plantation, FL 33324
**TELEPHONE:**      954-473-5503

Page 2 of  2 / FA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case Number: CACE-13-023163 Division: 03
Electronically Filed 10/15/2013 03:28:28 PM ET

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 10/15/2013 3:28:32 PM.****

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

*10-18-13*

*8 45°*

*Qt#36 z*

### SUMMONS

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

     **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

**TO DEFENDANT:** ROCKY MOUNTAIN HOLDINGS, LLC
**BY SERVING:**    C/O CT CORPORATION SYSTEM, REGISTERED AGENT
                  1200 SOUTH PINE ISLAND ROAD
                  PLANTATION, FL 33324

### IMPORTANT

     A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Attorney for Plaintiff(s)" named below.

**WILLIAM J. CORNWELL, ESQ.**, Weiss, Handler & Cornwell, P.A., One Boca Place, Suite 218-A, 2255 Glades Road, Boca Raton, Florida 33431, Telephone: (561) 997-9995.

**IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT, persons in need of a special accommodation to participate in this proceeding, shall, within a reasonable time prior to any proceeding, contact the Administrative Office of the Court, 300 North Dixie Highway, Room 300, West Palm Beach, Florida**

Page 1

33401, telephone (407) 355-2431; 1-(800) 955-8771 (TDD); or 1-(800) 955-8770 (V), via Florida Relay Service.

DATED this _____ OCT 15 2013 2013.

Clerk of the Circuit Court

By: _____

HOWARD C. FORMAN

Page 2

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no a conoce un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vois. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la planite ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffsaient pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees isi, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocats vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

 CT Corporation

**Service of Process Transmittal**
10/18/2013
CT Log Number 523719108

TO:     Cheryl Brackney
        Air Methods Corporation
        7301 South Peoria
        Englewood, CO 80112-

RE:     **Process Served in Florida**

FOR:    Air Methods Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lenworth Bailey, as the Personal Representative of the Estate of Lemar Bailey, individually and on behalf of himself and all others similarly situated, Pltf. vs. Rocky Mountain Holdings, LLC, etc. and Air Method Corporation, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Document in a Foreign Language, Amended Class Action Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # CACE13023163 |
| **NATURE OF ACTION:** | Violations of the Florida Consumer Collection Practices Act - Defendants' invoices and creditor's claim are attempting to collect amounts from persons transported by air ambulance - Seeking Declaratory Judgment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/18/2013 at 14:45 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | William J. Cornwell<br>Weiss, Handler, and Cornwell, P.A.<br>2255 Glades Road<br>Suite 218-A<br>Boca Raton, FL 33431<br>561-997-9995 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/19/2013, Expected Purge Date: 10/24/2013<br>Image SOP<br>Email Notification, Sharon Keck skeck@airmethods.com<br>Email Notification, Jodi Losinger jlosinger@airmethods.com<br>Email Notification, Crystal Gordon cgordon@airmethods.com<br>Email Notification, Esmeralda Contreras econtreras@airmethods.com<br>Email Notification, Cheryl Brackney cheryl.brackney@airmethods.com<br>Email Notification, Lisa Edwards lisa.edwards@airmethods.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case Number: CACE-13-023163 Division: 03

Electronically Filed 10/15/2013 03:28:28 PM ET

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

*10·18·13*

*845P*

*Ab #302*

### SUMMONS

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

    **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

**TO DEFENDANT:** AIR METHODS CORPORATION
**BY SERVING:** C/O CT CORPORATION SYSTEM, REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Attorney for Plaintiff(s)" named below.

**WILLIAM J. CORNWELL, ESQ.**, Weiss, Handler & Cornwell, P.A., One Boca Place, Suite 218-A, 2255 Glades Road, Boca Raton, Florida 33431, Telephone: (561) 997-9995.

**IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT, persons in need of a special accommodation to participate in this proceeding, shall, within a reasonable time prior to any proceeding, contact the Administrative Office of the Court, 300 North Dixie Highway, Room 300, West Palm Beach, Florida**

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 10/15/2013 3:28:32 PM.****

Page 1

33401, telephone (407) 355-2431; 1-(800) 955-8771 (TDD); or 1-(800) 955-8770 (V), via Florida Relay Service.

**DATE:** OCT 15 2013 -ber, 2013.

Clerk

By:

as Deputy Clerk

**HOWARD C. FORMAN**

Page 2

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no a conoce un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vois. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la planite ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffsaient pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees isi, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocats vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY FLORIDA

LENWORTH BAILEY, as the Personal
Representative of the Estate of Lemar Bailey,
individually and on behalf of himself
and all others similarly situated

                                                    Case No.:

       Plaintiff,

v.
ROCKY MOUNTAIN HOLDINGS, LLC,
a foreign limited liability corporation doing          **Class Representation**
business in the State of Florida and
AIR METHODS CORPORATION,
a foreign corporation,

       Defendants.
_____/

## AMENDED CLASS ACTION COMPLAINT
### (Amended To Include Exhibits Only)

       Plaintiff, LENWORTH BAILEY, as the Personal Representative of the Estate of Lemar

Bailey, individually and on behalf of himself and all others similarly situated, through counsel

and pursuant to Fla.R.Civ.P. 1.190(a), hereby files his Class Action Complaint against

Defendants, ROCKY MOUNTAIN HOLDINGS, LLC. ("RMH") and AIR METHODS

CORPORATION ("Air Methods") (collectively referred to as "Defendants"), and states:

### INTRODUCTION

       1.    This is a class action by Plaintiff, as Personal Representative of the Estate of

Lemar Bailey, individually and on behalf of himself and all others similarly situated, against

Defendants for declaratory and injunctive relief and damages for violations of the Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA") and the Florida Consumer Collection

Practices Act ("FCCPA"), stemming from Defendants' engagement in practices that violate Section 627.730, Fla. Stat., *et seq.*, the "Florida Motor Vehicle No-Fault Law."

2. One of the purposes of the Florida Motor Vehicle No-Fault Law is "to provide for medical, surgical, funeral, and disability insurance benefits without regard to fault, and to require motor vehicle insurance securing such benefits...." Section 627.731, Fla. Stat.

3. Pursuant to Section 627.736, Fla. Stat. (the "PIP Statute"), motor vehicle owners in the State of Florida are required to carry what is commonly known as personal injury protection or PIP coverage. PIP coverage typically covers the first $10,000.00 in medical bills arising from injuries sustained by a driver or passenger involved in a motor vehicle accident subject to certain statutory provisions.

4. The PIP Statute sets forth the amounts that, among other things, emergency transport providers may collect for services rendered to a person injured in an automobile accident, as well as the limits that insurers may place on PIP coverage. Section 627.736(5), Fla. Stat., of the PIP Statute provides:

> (a) 1. Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a reasonable amount pursuant to this section for the services and supplies rendered, and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment...
>
> 2. The insurer may limit reimbursement to 80 percent of the following schedule of maximum charges:
>
> > a. **For emergency transport and treatment by providers licensed under chapter 401, 200 percent of Medicare.**
>
> \*\*\*

2

> 5. If an insurer limits payment as authorized by subparagraph 2., the person providing such services, supplies, or care **may not bill or attempt to collect from the insured any amount in excess of such limits, except for amounts that are not covered by the insured's personal injury protection coverage due to the coinsurance amount or maximum policy limits**. (Emphasis added.)

5.    Defendants own and/or operate air ambulance helicopters in various counties in the State of Florida. Defendant AIR METHODS also employs pilots to operate the helicopters. The helicopters are used to rapidly transport critically injured patients from anywhere in Defendants' service areas to a nearby trauma center.

6.    After transporting a person critically injured in a motor vehicle crash, Defendant AIR METHODS has its wholly-owned subsidiary, Defendant, RMH, submit a claim to the applicable motor vehicle owner's insurer for payment under the PIP coverage.

7.    The allowed reimbursement amount for emergency transport service is set forth with particularity in the PIP Statute. The PIP Statute authorizes insurers to limit payment in accordance with the fee schedule set forth therein. Once a PIP insurer limits payment for such services in accordance with the fee schedule, an emergency transportation provider is prohibited from billing or collecting from the patient any amounts other than the coinsurance or amounts not paid because the charge, as limited by the insurer, exceeds the remaining PIP coverage.

8.    Defendants, despite receipt and acceptance of payments pursuant to the PIP Statute, routinely send out and collect invoices for payment of amounts other than coinsurance or amounts not paid because PIP coverage is exhausted. These collection efforts are not only directed to the injured patients but also their legal representatives (e.g., parents of minor children) and attorneys (pursuing personal injury claims).

3

9.     Likewise, on information and belief, Defendant, AIR MEDICAL, despite receipt and acceptance of payments pursuant to the PIP Statute, routinely files claims against patients' estates.

10.    Such invoices and claims improperly assert claims of payment for amounts other than the coinsurance or amounts not paid because the charge, as limited by the PIP insurer, exceeds the remaining PIP coverage.

11.    Defendants' invoices and claims violate Florida law because Defendants are attempting to collect amounts from persons transported by air ambulance that they are statutorily prohibited from collecting.

12.    Plaintiff seeks to prevent Defendants from misrepresenting that such claimed sums are owed, attempting to collect such sums or collecting such sums from the Plaintiff and all other patients (or their legal representatives) who were provided air ambulance transportation services within the State of Florida during the applicable period and in the future.

## JURISDICTION AND VENUE

13.    This is an action for damages in excess of $15,000.00, exclusive of interest and costs, but, upon present information and belief, less than $75,000 per individual claimant and less than $5,000,000 in the aggregate.

14.    This Court has subject matter jurisdiction over this Class Action Complaint because this is an action seeking declaratory and injunctive relief within the jurisdiction of the Circuit Court, as well as monetary damages incidental thereto.

15.    This Court has personal jurisdiction over the Defendants pursuant to § 48.193, Fla. Stat., because they committed a tortious act in the state by violating Florida Statutes, including the PIP Statute, the FDUTPA statute and the FCCPA statute.    Additionally,

4

Defendants engage in substantial and not isolated business activities within the State of Florida, which include the provision of emergency air ambulance services in various counties of the State of Florida and the billing and collecting for such services from Florida residents.

16.     Venue is proper because Defendant RMH is a foreign corporation who has designated CT Corporation System of Plantation, Florida as its registered agent thereby subjecting it to jurisdiction and venue in Broward County. See *Berdos v. Dowling*, 544 So.2d 1129, 1130 (Fla. 4th DCA 1989). Additionally, Defendant AIR METHODS has designated CT Corporation System of Plantation, Florida as its registered agent for service of process.

## THE PARTIES

17.     Plaintiff, LENWORTH BAILEY, as the Personal Representative of the Estate of Lemar Bailey, is a resident of St. Lucie County, Florida and is *sui juris*. At all times material hereto, Bailey, in his capacity as Personal Representative, was obligated to pay, subject to the limits on charges contained in the PIP statute, for medical care and treatment provided to Lemar, including the emergency medical transportation provided by Defendants.

18.     Plaintiff seeks to represent a class of persons as defined below.

19.     In Martin County, Florida, where the automobile accident that resulted in the overbilling referenced below occurred, AIR METHODS does business as Life Star and is engaged in a partnership with the Martin County Fire Rescue to provide air transportation rescue services via helicopter with the actual medical care being provided by Martin County Fire Rescue Flight paramedics.

20.     Defendants charge a fee to patients who are transported via air ambulance. In the same manner as any other qualified medical, health care, or medical transportation services provider, Defendants, through RMH, submit claims to a patient (or if the patient is a minor,

5

their parents' or legal guardian's) insurance provider. Where a patient's injuries are sustained in a motor vehicle accident, RMH submits the claim to the patient's motor vehicle insurance carrier (or the insurer of the car in which the patient was a passenger). Under Florida law, any applicable PIP coverage is "primary."

21.     RMH is an EMS air service provider entity licensed under § 401.2101-401.45, Fla. Stat., which provides emergency transportation and treatment."[1]

## FACTUAL ALLEGATIONS

22.     On March 17, 2013, Lemar Bailey, a minor, died as a result of injuries sustained in a motor vehicle crash. The crash occurred on I-95/State Road 9, in Martin County, Florida. At the time of this crash, Lemar was the left rear seat passenger in a Nissan Pathfinder which was operated by his step-mother, Deon Hyde. His father, Lenworth Bailey, was the right front seat passenger, and another woman, Elaine Hutchinson, was the right rear seat passenger. The driver of the vehicle in which Lemar Bailey was riding, Deon Hyde, attempted to take evasive action to avoid the crash but the vehicle he was operating rolled and Lemar Bailey was ejected from the vehicle and sustained fatal injuries.

23.     Martin County Fire Rescue responded to the scene and Lemar was transported by helicopter from the crash site to the Emergency Room at St. Mary's Medical Center in West Palm Beach, Florida.

24.     RMH submitted a bill for the air ambulance services that were provided. According to the billing records, air medical transport services were provided by Defendant, AIR METHODS.

---

[1] See Section 627.736 (1)(a)2., Fla. Stat.

6

25. The total billed charges were $27,975.90. The bill was initially submitted to State Farm, the PIP insurer for the vehicle in which Lemar had been a passenger.

26. In accordance with the PIP Statute, State Farm limited the billed charges to 200% of the Medicare Part B fee schedule for the locale in which the services were rendered. State Farm reduced the total charges to $8,639.42, and paid 80% of the allowed amount, or $6,911.54.

27. Under the PIP Statute, the patient's responsibility after State Farm's payment was to pay the 20% coinsurance amount, or $1,727.88.

28. RMH, however, failed to adjust its charges in accordance with State Farm's reduction. After receipt of State Farm's payment, RMH claimed a balance due of $21,064.36.

29. On August 9, 2013, AIR METHODS filed a creditor's claim against the Estate of Lemar Bailey, asserting a right to payment of $21,064.36. A copy of the claim is attached hereto as Exhibit "A."

30. After receipt of State Farm's $6,911.54 payment, RMH submitted an additional claim for payment to Lemar's health insurer, Aetna. Under Florida law, such health insurance is secondary to the PIP coverage.

31. On or about August 6, 2013, Aetna paid RMH the sum of $3,681.60. A copy of Aetna's Explanation of Review showing such payment is attached hereto as Exhibit "B." This was an overpayment of $1,953.72.

32. On or about August 18, 2013, after receipt of Aetna's payment, RMH submitted a revised claim in which it asserted the right to collect an additional $17,382.76. A copy of such billing statement is attached hereto as Exhibit "C."

7

33. Pursuant to § 627.736(5)(a)2.a., Fla. Stat., the amount paid by State Farm constituted 80% of 200% of the prevailing rate of the Medicare fee schedule for Palm Beach County. See State Farm Explanation of Review attached as Exhibit "D."

34. RMH accepted State Farm's payment on behalf of Plaintiff.

35. The $6,911.54 paid by State Farm and accepted by RMH limited the amount that RMH was legally entitled to thereafter collect pursuant to Section 627.736(5)(a)5., Fla. Stat., which provides:

> If an insurer limits payment as authorized by subparagraph 2, the person providing such services, supplies, or care may not bill or attempt to collect from the insured any amount in excess of such limits, except for amounts that are not covered by the insured's personal injury protection coverage due to the coinsurance amount or maximum policy limits.

36. State Farm's election to limit payment as authorized by Section 627.736(5)(a)2.a., Fla. Stat., prohibited RMH from billing or attempting to collect any amount in excess of $1,727.88 (the 20% coinsurance).

37. Defendants were prohibited by Section 627.736(5)(a)5., Fla. Stat., from billing or attempting to collect the alleged remaining balance of $17,382.76.

38. RMH was not entitled to the overpayment received from Aetna of $1,953.72. Nor was AIR METHODS entitled to seek to collect an alleged balance of $17,382.76.

39. Plaintiff has been damaged in that Aetna has a subrogation lien for the $3,681.60 it paid to RMH which Plaintiff will be required to satisfy from the proceeds recovered in settlement of the Estate's personal injury claim.

8

## CLASS REPRESENTATION ALLEGATIONS

40.     Plaintiff brings this class action, pursuant to Rule 1.220, Fla.R.Civ.P., on behalf

of himself and all others similarly situated, as members of the following class (the "Class"):

> For the period from March 13, 2009 through the date of the entry
> of judgment herein, all patients or their legal representatives that
> RMH or AIR MEDICAL billed for amounts in excess of that
> authorized under the Florida Motor Vehicle No-Fault Law.

> For the period from March 13, 2011 through the date of the
> entry of judgment herein, all patients or their legal representatives
> against whom RMH or AIR MEDICAL sought, in violation of
> FCCPA, to enforce a debt.

41.     Plaintiff seeks certification of the Class pursuant to Rule 1.220(b)(1)(A),

(b)(1)(B), (b)(2) and (b)(3), Fla.R.Civ.P.

42.     Proof of a common or single set of facts will establish the right of each Class

member to recover.  The claims of Plaintiff are typical of the Class in that:

A.     Defendants provided air ambulance services to Plaintiff's son and the

Class members;

B.     Defendants submitted claims for payments to the Plaintiff and the Class

members' motor vehicle insurer (or the insurer of vehicle in which the

Plaintiff or the Class was a passenger);

C.     Plaintiff and each Class members' motor vehicle insurer paid the claims

pursuant to the PIP Statute;

D.     Defendants accepted the amounts paid by Plaintiff's and Class members'

motor vehicle insurers thereby limiting the amount that Defendants were

entitled to thereafter collect pursuant to Section 627.736(5)(a)5., Fla.

Stat.; and

9

      E.      Defendants sent invoices and/or asserted claims seeking further payment for the provision of air ambulance services from Plaintiff and the Class members.

43.    Questions of law and fact common to the Class include, but are not necessarily limited to, the following:

      A.      Whether Defendants billed, collected, or attempted to collect amounts prohibited from being billed or collected under the PIP Statute;

      B.      The amount of damages and/or form of relief to be awarded to each Class member; and

      C.      All other issues arising from Defendants violations of the PIP Statute described herein that commonly relate to all Class members.

      D.      Whether Defendants engaged in an act or omission prohibited by FDUTPA;

      E.      The amount of damages and/or form of relief to be awarded to each Class member;

      F.      Whether Defendants were unjustly enriched by the over-charges; and

      G.      All other issues arising from FDUTPA and FCCPA violations described herein that commonly relate to all Class members.

44.    The questions of law and fact common to the claims of Plaintiff and the Class members predominate over any questions of law and fact affecting only individual Class members and class representation is superior to other available methods for the fair and efficient adjudication of this controversy.

45.    Inconsistent or varying adjudications concerning individual Class members

10

would establish incompatible standards of conduct for Defendants.

46.     The prosecution of separate claims by individual Class members would create a risk of adjudication concerning individual Class members that would, as a practical matter, be dispositive of the interests of other Class members who are not parties to the adjudications or substantially impair or impede the ability of other Class members who are not parties to the adjudication to protect their interests.

47.     The Class members are so numerous that joinder of all members is impractical.

48.     While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff believes in good faith that the Class includes hundreds of persons.  Class members are identifiable from records maintained by Defendants.

49.     Plaintiff will fairly and adequately protect and represent the interests of the entire Class because Plaintiff suffered the same loss as other Class members.  Accordingly, Plaintiff is directly interested in the prosecution and outcome of this action.

50.     Plaintiff's counsel has substantial experience in the field of civil and business litigation, class action litigation, and in consumer claims and other statutory violations.

51.     Plaintiff's interests are coincident with and not antagonistic to, absent Class members' interests because by proving his individual claims they will necessarily prove Defendants liability as to the Class members' claims.

52.     Plaintiff is also cognizant of and determined to faithfully discharge his fiduciary duties to the absent Class members as the Class representatives.

53.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

11

54.     There are no unusual difficulties likely to be encountered in the management of this action as a class suit that could not be managed by the Court.  The advantages of maintaining the action as a class suit far outweigh the expense and waste of judicial effort that would result from hundreds of separate adjudications of these issues for each Class member.

55.     Defendants have acted and refused to act on grounds generally applicable to all Class members thereby making declaratory and injunctive relief, as requested below, appropriate for the Class.

56.     Plaintiff has performed all conditions precedent to the bringing of this action, such conditions have otherwise occurred, or such conditions have been waived or excused.

57.     Defendants RMH and Air Medical, at all times relevant to this Complaint, were acting jointly and in concert in circumvention of the Florida Statutes referenced herein and, in so acting, each Defendant acted as the agent of the other.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT
### (Defendants' Invoices and Creditor's Claim)

58.     Plaintiff, individually and on behalf of the representative Class, repeats and realleges the allegations set forth above in paragraphs 1 through 57 as if set forth more fully herein.

59.     This is a cause of action for declaratory and injunctive relief pursuant to Chapter 86, Florida Statutes and Florida common law.

60.     There is an actual pending dispute as to the duties and obligations of Defendants pursuant to the PIP Statute.

12

61.    Defendants sent out the above-referenced invoice and asserted a claim with the Estate of Lemar Bailey (collectively the "Invoice" and "Creditor's Claim") billing or attempting to collect alleged balances for air ambulance transportation services.

62.    The balances alleged in the Invoice and Creditor's Claim are for amounts that exceed the limits set forth in Section 627.736(5)(a)5., Fla. Stat.    .

63.    Based on Defendants violations of the PIP Statute in the past and, likely continued violations of the PIP Statute in the future, the parties require the Court to resolve any doubts as to the duties and obligations of Defendants.

64.    Accordingly, Plaintiff, individually as Personal Representative of the Estate of Lemar Bailey and on behalf of the proposed Class, is in doubt as to his rights and requests that the Court declare and determine the rights and liabilities of the parties pursuant to the PIP Statute and determine whether any violations thereof by Defendants render the Invoice and Creditor's Claim unlawful.

65.    A bona fide, actual, present, and practical need exists for the declaratory judgment sought herein because Plaintiff's rights and privileges have been encumbered and/or impaired by the Invoice and Creditor's Claim.

66.    All necessary parties are before the Court and the relief sought is not to obtain legal advice, but rather to obtain a declaratory judgment that Defendants' practice of billing persons for amounts in excess of that permitted under the PIP Statute violates Florida law and for other related relief as requested below.

67.    There is an actual and justiciable controversy between and among Plaintiff and Defendants concerning the Defendants' violation of the PIP Statute.

68.     There is no adequate remedy at law to prevent Defendants from billing or attempting to collect alleged balances in violation of the PIP Statute.

69.     All future patients for whom the Defendants provide air ambulance transportation services will be irreparably harmed if Defendants continue to violate the PIP Statute.

70.     Plaintiff has retained the undersigned counsel to represent him and the proposed Class in this matter and has agreed to pay counsel a reasonable fee for their services.

WHEREFORE, Plaintiff, individually, and on behalf of the proposed Class, respectfully requests this Court enter judgment:

A.     Certifying this action as a class action and appointing undersigned counsel as Class counsel;

B.     Declaring the rights of the parties;

C.     Declaring that the Invoices violate the PIP Statute;

D.     Enjoining Defendants from future violations of the PIP Statute;

E.     Awarding Plaintiff his reasonable attorneys' fees and costs;

F.     Awarding restitution or reimbursement of excess charges collected by Defendants to fully compensate Plaintiff and the Class members;

G.     Reserving jurisdiction to award supplemental relief pursuant to Section 86.061, Fla. Stat.; and

H.     Granting such other and further relief as is just and proper.

14

## COUNT II
## DECLARATORY JUDGMENT -- FDUPTA VIOLATION

71.     Plaintiff, individually and on behalf of the representative Class, repeats and realleges the allegations set forth above in paragraphs 1 through 57 as if set forth more fully herein.

72.     This is a cause of action brought under FDUPTA " . . . to obtain a declaratory judgment that an act or practice violates [FDUPTA] and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." *See* Section 501.211(1), Florida Statutes (2013).

73.     FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

74.     The stated purpose of FDUTPA is to protect consumers from "those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." §501.202.

75.     Defendants are actively engaged in trade and commerce in the State of Florida.

76.     Plaintiff is a "consumer" as defined by FDUTPA §501.203(7) and is "an aggrieved party," within the meaning §501.211 of FDUPTA.

77.     On information and belief, Defendants continue to pursue the collection of amounts that are the result of improper billing and those practices threaten the consuming public.

78.     The balances alleged in the Invoice and Creditor's Claim are for amounts that exceed the limits set forth in Section 627.736(5)(a)5., Fla. Stat.

15

79.     The PIP Statute was an Act enacted for the benefit of the public which proscribes unfair practices.

80.     The above-described acts of Defendants offend the established public policy of the State of Florida and are illegal, unethical, oppressive, and substantially injurious to Plaintiff.

81.     Based on Defendants' violations of the PIP Statute in the past and, likely continued violations of the PIP Statute in the future, the parties require the Court to resolve any doubts as to Defendants' duties and obligations.

82.     Accordingly, Plaintiff, individually and on behalf of the proposed Class, is in doubt as to his rights and there is a bona fide, actual and present need for a declaration that Defendants' violations of the PIP Statute constitute violations of FDUPTA.

83.     All necessary parties are before the Court and the relief sought is not to obtain legal advice.

84.     All future patients for whom Defendants provide air ambulance transportation services will be irreparably harmed if Defendants continue to violate FDUPTA.

85.     Plaintiff has retained the services of the undersigned counsel to represent him in this matter and has agreed to pay counsel a reasonable fee for their services for which Defendants are liable pursuant to Florida Statute §501.2105 and/or §501.211.

86.     Reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action are requested based upon the creation of a common fund recovery, and based upon the foregoing statutes.

WHEREFORE, Plaintiff, individually, and on behalf of the proposed Class, respectfully requests this Court enter judgment:

A.   Certifying this action as a class action and appointing undersigned counsel as Class counsel;

B.   Declaring the rights of the parties;

C.   Declaring that Defendants' acts and practices as above-described violate FDUPTA.

D.   Enjoining Defendants from future violations;

E.   Awarding Plaintiff his reasonable attorneys' fees and costs pursuant to the creation of a common fund recovery and/or Florida Statute §501.2105 and/or §501.211

## COUNT III
## DAMAGES FOR VIOLATION OF FDUPTA

87.   Plaintiff, individually and on behalf of the representative Class, repeats and reallege the allegations set forth above in paragraphs 1 through 57 as if set forth more fully herein.

88.   This is an action brought by "a person who has suffered a loss as a result of a violation of [FDUPTA] . . . to "recover actual damages, plus attorneys' fees and court costs .. ." *See* Section 501.211(2), Florida Statutes (2013).

89.   Defendants are actively engaged in trade and commerce in the State of Florida.

90.   Plaintiff is a consumer as defined by Florida Statute § 501.203.

91.   As described above, Defendants engage in unfair trade practices by charging and collecting amounts in excess of that permitted under the PIP Statute.

92.   The PIP Statute was an Act enacted for the benefit of the public and proscribes unfair acts or practices.

17

93.     The above-described acts of Defendants offend the established public policy of the State of Florida and are illegal, unethical, oppressive and substantially injurious to Plaintiff.

94.     The above-described actions constitute a violation of Florida Statute §501.204 and constitute deceptive and unfair trade practices as defined in Florida Statute §501.203(3)(a)-(c).

95.     As a direct and proximate result of Defendants violations of FDUPTA, Plaintiff has been aggrieved and has suffered actual damages as alleged above.

96.     Plaintiff has retained the services of the undersigned counsel to represent him in this matter and has agreed to pay counsel a reasonable fee for their services for which Defendants are liable pursuant to Florida Statute §501.2105 and/or §501.211.

97.     Reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action are requested based upon the creation of a common fund recovery, and based upon the foregoing statutes.

WHEREFORE, Plaintiff, individually, and on behalf of the proposed Class, respectfully requests this Court enter judgment:

        A.    Certifying this action as a class action and appointing undersigned counsel as Class counsel;

        B.    Awarding judgment against Defendants for actual damages,

        C.    Awarding Plaintiff his reasonable attorneys' fees and costs pursuant to the creation of a common fund recovery and/or Florida Statute §501.2105 and/or §501.211.

        D.    Granting such other and further relief as is just and proper.

18

## COUNT IV

### VIOLATIONS OF FLORIDA CONSUMER
### COLLECTION PRACTICES ACT

98.     Plaintiff, individually and on behalf of the representative Class, repeats and

reallege the allegations set forth above in paragraphs 1 through 57 as if set forth more fully

herein.

99.     Plaintiff brings this claim pursuant to FCCPA, Section 559.72, Fla. Stat.

100.    Each Defendant is a "creditor" pursuant to Section 559.55(3), Fla. Stat.

101.    Plaintiff and the proposed Class are "consumers" and/or "debtors" as defined by

Section 559.55(2) Fla. Stat.

102.    The Invoice submitted by RMH and the Creditor's Claim filed by AIR

METHODS are "communications" as defined by Section 559.55(5), Fla. Stat. Defendants sent

similar communications to the proposed Class.

103.    The Invoice and Creditor's Claim were sent for the specific purpose of

collecting monies that Plaintiff and the proposed Class did not owe to Defendants.

104.    The Invoice and/or Creditor's Claim violate FCCPA.

105.    Section 559.72(9), Fla. Stat., expressly prohibits a creditor from claiming,

attempting, or threatening to enforce a debt when such person knows that the debt is not

legitimate and further prohibits the assertion of some other legal right when such person/entity

knows that the right does not exist.

106.    Defendants also violated Section 559.72(18) in that one of its representatives

contacted Plaintiff regarding the purported debt despite knowing that Plaintiff is represented by

counsel, in violation of this section which prohibits any communication:

19

. . . with a debtor if the person knows that the debtor is represented by
an attorney with respect to such debt and has knowledge of, or can
readily ascertain, such attorney's name and address, unless the debtor's
attorney fails to respond within 30 days to a communication from the
person, unless the debtor's attorney consents to a direct communication
with the debtor, or unless the debtor initiates the communication.

107.  It is anticipated that discovery may reveal that Defendants have also violated one or more other provisions contained in Section 559.72.

108.  Defendants knew that the Invoices and/or Creditor's claim violated the PIP Statute.

109.  Defendants knew that they were violating the PIP Statute by improperly seeking to collect debts that are the product of improper bills and/or claims in violation of FCCPA.

110.  Defendants knew that the communication engaged in by their representative with Plaintiff violated Section 559.72(18).

111.  As a result of their multiple knowing violations of FCCPA, Defendants are liable to Plaintiff and the proposed Class for statutory and actual damages.

112.  Plaintiff has retained the undersigned counsel to represent him and the proposed Class in this matter and has agreed to pay counsel a reasonable fee for their services.

113.  Reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action are requested based upon the creation of a common fund recovery and based upon Section 559.77(2) which expressly authorizes such an award.

WHEREFORE, Plaintiff, individually, and on behalf of the proposed Class as defined herein, respectfully requests judgment against Defendants and in favor of himself and the

20

proposed Class as follows:

A.    Certifying this action as a class action pursuant to the applicable Florida Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

B.    Enjoining Defendants from future violations of FCCPA;

C.    Awarding actual damages pursuant to Section 559.77(2), Fla. Stat.;

D.    Awarding statutory damages of up to $1,000 per violation for the Plaintiff and the proposed Class pursuant to Section 559.77(2), Fla. Stat.;

E.    Awarding pre-judgment interest to Plaintiffs and the proposed Class, as allowed by law;

F.    Awarding Plaintiff his reasonable attorneys' fees and costs pursuant to Section 559.77(2), Florida Statutes and based upon the creation of a common fund recovery

G.    Granting such other and further relief as is just and proper.

## COUNT V
## UNJUST ENRICHMENT

114.    Plaintiff, individually and on behalf of the representative Class, repeats and realleges the allegations set forth above in paragraphs 1 through 57 as if set forth more fully herein.

115.    This is an action seeking damages for unjust enrichment.

116.    Defendants have received an overpayment of at least $1,953.72 at Plaintiff's expense.

21

117.   By virtue of the foregoing, Plaintiff has conferred a benefit on Defendants in that Defendants have been paid an amount in excess of the amount that Defendants are legally permitted to charge and receive under the PIP statute for the services provided by Defendants.

118.   Defendants voluntarily accepted and retained such benefit.

119.   Under the circumstances, it would be inequitable to allow Defendants to retain the excessive amounts collected.

120.   As a direct and proximate result of Defendants' conduct described above, Defendants have been and will continue to be unjustly enriched at the expense of the Plaintiffs.

121.   Plaintiff seeks an award of reasonable attorneys' fees and all costs for the prosecution of this action based upon the creation of a common fund recovery.

WHEREFORE, Plaintiff, individually, and on behalf of the proposed Class, respectfully requests this Court enter judgment:

A.   Certifying this action as a class action and appointing undersigned counsel as Class counsel;

B.   Awarding judgment against Defendants for damages,

C.   Awarding attorneys' fees pursuant to the creation of a common fund recovery.

D.   Granting such other and further relief as is just and proper.

Dated this _15_ day of October, 2013.

WEISS, HANDLER, AND CORNWELL, P.A.
Counsel for Plaintiffs
2255 Glades Road, Suite 218-A
Boca Raton, FL 33431
Telephone: (561) 997-9995
Facsimile: (561) 997-5280

By: _____
    WILLIAM J. CORNWELL, ESQ.
    Florida Bar No. 782017
    wjc@weissandhandlerpa.com
    DAVID K. FRIEDMAN, ESQ.
    Florida Bar No. 307378
    dfk@weissandhandlerpa.com
    filings@weissandhandlerpa.com

SILVER & SILVER, P.A.
Co-Counsel for Plaintiffs
6100 Glades Road, Suite 201
Boca Raton, Florida 33434
Telephone: (561) 488-3344
Facsimile: (561) 488-5899

_____
BRUCE F. SILVER, ESQ.
Florida Bar No. 935182
brucesilver@silverlawoffices.com

T:\Users\DKF\ROCKY MOUNTAIN HOLDINGS\PLEADINGS\Class Action Complaint.doc

23

EXHIBIT "A"

1  Air Methods PBS Office
   625 Carnegie Dr. Ste. 200
2  San Bernardino, CA  92408
   (909) 915-2364
3  In pro per

4

5              In the Probate Court of St. Lucie County – State of Florida

6                                        )   Case No.: 2013CP000541
                                         )   CREDITORS CLAIM
7  Estate of Lemar Bailuy,               )
                                         )
                 Decedent,               )
8                                        )
                                         )
9                                        )
                                         )
10                                       )
                                         )
11

12                        SEE ATTACHED EXHIBIT "1"
13        The undersigned, Esmeralda Contreras being first duly sworn on oath states that the
   creditor named below is the owner of the claim against LEMAR BAILUY, deceased, which is
14 hereto attached, and which is made a part hereof by reference the same as if it were fully set-out
   herein; that said claim is lawful and justly due; that the undersigned has personal knowledge of
15 the said claim, or is the credit manager of the claimant and is the custodian of claimant's books
   and records of account upon which said claim is based: that there is now due and unpaid on the
16 said claim the sum of $21,064.36 and that all claims, credits, set-offs and adjustments have been
   given.  Further Affiant saith not.
17
   Dated this   9th  day of  August  2013
18

19                                          Esmeralda Contreras
                                            Esmeralda Contreras
20                                          Air Methods PBS Office
                                            621 Carnegie Dr. Ste. 210
21                                          San Bernardino CA 92408
                                            Run# 13-33847
22 State of California

23 County of San Bernardino

24 Subscribed and sworn to (or affirmed) before me on this  9th  day of July, 2013 by

25 Esmeralda Contreras proved to me on the basis of satisfactory evidence to be the person who

26 appeared before me.

27      LINDA KOKOSZKA
        Commission # 1886649
28      Notary Public - California          Notary Public
        San Bernardino County
        My Comm. Expires May 8, 2014

                              CREDITORS CLAIM - 1

## PROOF OF SERVICE BY MAIL (1013a, 2015.5, C.C.P.)

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF SAN BERNARDINO)

      I, DIANE FIELDS, declare as follows:

      I am a resident of the County aforesaid; I am over the age of eighteen years and am not a party to the within entitled action; my business address is 621 E. Carnegie Dr. #210, San Bernardino CA  92408

      On ~~July~~ August 9, 2013, I served the following:  CREDITORS CLAIM on the interested parties in said action by mail, as follows:

Sophia A. Lopez
5645 Coral Ridge Drive #254
Coral Springs, FL 33076

Lenworth Bailey
5645 Coral Ridge Drive #254
Coral Springs, FL 33076

      I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid, at San Bernardino, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit/declaration.

      I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

      Executed on ~~July~~ August 9, 2013, at San Bernardino, California.


_____
DIANE FIELDS

1
2
3
4
5          EXHIBIT "1"
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CREDITORS CLAIM - 4

# ROCKY MOUNTAIN HOLDINGS, LLC
PO BOX 713375
CINCINNATI OH 45271-3375
(888) 636-4438
## Air Ambulance Services provided by Air Methods Corporation

| Patient Name: | BAILUY, LEMAR | |
|---|---|---|

Run Number: 13-33847
Date of Call: 3/17/2013
Time of Call: 14:30
Caller:

To the Estate of
BAILUY, LEMAR
256 SW NORTH QUICK CIR
PORT SAINT LUCIE, FL, 34953

From:  27°12.353'N, 080°24.665'W
To:  St. Marys Hospital - W Palm Beach

Primary payer:  STATE FARM
592655842

Secondary payer:  AETNA
825814450

| Description | Check # | Quantity | Unit Price | Payment Date | Amount |
|---|---|---|---|---|---|
| Helicopter Rotor Miles | | 37 | $272.09 | | $10,067.33 |
| Helicopter Rotor Base | | 1 | $17,908.57 | 1/1/1800 | $17,908.57 |
| Payment-Check | 1917142621 | 1 | | | $1,643.54 |
| Payment-Check | 1917142621 | 1 | | 5/30/2013 | $5,268.00 |

**CMS Rules determine Medicaid/Medicare payments made to providers are conditional where a settlement is pending. In the event a settlement is garnered, Medicaid/Medicare will be refunded by the provider and the provider is thereby entitled to full payment from the settlement for total balances to include contractual and/or bad debt write-offs**

**BALANCE:**  $21,064.36

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
DETACH ALONG LINE AND RETURN STUB WITH YOUR PAYMENT. THANK YOU.

| Patient Name: | BAILUY, LEMAR | |
|---|---|---|

Run Number: 13-33847
Current Date: 7/23/2013
Incident Number: 802459

AMOUNT
ENCLOSED:    $

REMIT TO:  ROCKY MOUNTAIN HOLDINGS, LLC
PO BOX 713375
CINCINNATI OH 45271-3375

EXHIBIT "B"

# aetna°

Logout  Your Profile  Site Map  Help & Resources  Contact Us  En español

Type your question here

Home   Coverage & Benefits   Claims   Care & Treatment   Health Records   Health Programs

You are logged in as DEON ALMARIE A HYDE

Home \ Claims \ Explanation of Benefits

## EOB Detail

Learn More About Your Explanation of Benefits

PRINT  DOWNLOAD   Acrobat®Reader® 4.0 or higher is required to read this document. Download now

Return to EOB list                                                    Next EOB >>>

**aetna™**
Aetna Life Insurance Company
P.O. BOX 14079
LEXINGTON, KY 40512-4079

Statement date: August 8, 2013

Member: DEON ALMARIE A HYDE
Member ID:  W167611722
Group ID:  0325475  16-121 AB P15-10
Group name:  BANK OF AMERICA
            CORPORATION

QUESTIONS? Contact us at aetna.com
1-877-444-1012
Or write to the address shown above

DEON ALMARIE A HYDE
256 SW NORTH QUICK CIR
PORT SAINT LUCIE FL 34653-6077

THIS IS NOT A BILL
Keep this for your records

### Explanation of benefits:

## Track your health care costs

Going to a doctor or hospital in our network saves you money

That's because we have arranged discounted rates with these providers.

Our online provider directory can help you find a doctor or other health care professional. Just go to  www.aetna.com.

**$0.00** (in-network)
Amount you have left to meet deductible

| | |
|---|---|
| Annual deductible | $1,000.00 |
| ☑ Deductible used | - $1,000.00 |
| ☐ Deductible remaining | $0.00 |

$1,000.00

$0 .................................. $1,000.00

### A guide to key terms

| Term | This means | Your totals |
|---|---|---|
| Amount billed. | The amount your doctor or health care provider billed for services. | $27,075.00 |
| Member rate. | The agreed upon amount your doctor or health care provider in our network accepts as their fee | $0.00 |
| ? Pending or not payable: | A claim that needs more review by us or an amount we did not pay. You may or may not have to pay this. Read "Your Claim Results" to learn more. | $16,760.80 |
| Deductible: | The amount you pay before your health plan will pay benefits. | $1,000.00 |
| Coinsurance: | When you pay part of the bill and we pay part of the bill. This is your out-of-pocket amount. | $2,327.40 |
| Copay: | A fixed dollar amount you pay when you visit a doctor or other health care provider | $0.00 |
| Other health plan: | This is known as coordination of benefits (COB). When a member has more than one health plan, both plans' payments will not be more than the billed amount. See "Your claims up close" for other plan details. | |

### A helpful message

There is no need to swear off sweets forever or become a marathon runner. By being aware of choices that affect your health, you can become more fit and be on your way to better health and lower costs.

Page 1 of 3
▲ Return to top

**aetna™**

EOB Detail

aetna

Statement date: August 6, 2013
Member: DEON ALMARIE A HYDE
Member ID: W167611732
Group #: 032847S-10-121 AB P11+IG
Group name: BANK OF AMER CA
CORPORATION

## Your payment summary

| Patient | Provider | Your claim cost | You owe or already paid |
|---|---|---|---|
| Lemar (son) | Rocky Mountain Holdings, L | | $17,382.76 |
| Total: | | | $17,382.76 |

## Your claims up close

### Claim for Lemar (son)

| Claim #: E0617B17T232 Received on 7/22/13 | Amount billed | Member rate | Pending or not payable (Remarks) | Applied to deductible | Your copay | Amount remaining | Plan pays | Your coinsurance | You owe Code Exist |
|---|---|---|---|---|---|---|---|---|---|
| ROTARY WING AIR MILEAGE on 3/11/13 A3436 | 10,067.33 | | 9,623.20 (1) (2) | 444.20 | | | | | *See below |
| ROTARY WING AIR TRANSPORT on 3/11/13 A0431 | 17,006.57 | | 6,165.57 (1) (2) | 555.00 | | 11,187.00 | 8,942.60 (80%) | 2,237.40 (20%) | *See below |
| Rocky Mountain Holdings, L | | | | | | | | | |
| Refer to Remarks Section | | | (3) | | | | | | |
| Totals: | 27,073.90 | | 15,788.90 | 1,000.00 | | 11,187.00 | 8,942.60 | 2,237.40 | $19,025.59 |

(1) You can find all numbered claim remarks in 'Your Claim Remarks' section

| Coordinates with Other Health Plan | |
|---|---|
| Plan Amount Remaining (before Other Health Plan) | $11,187.00 |
| This Plan Benefit (minus Other Health Plan) | $8,949.60 |
| Other Health Plan Paid | $6,911.54 |
| This Plan Payment (after Other Health Plan) | $3,061.00 |
| * Patient Responsibility (after Other Health Plan) | $17,382.76 |

## Your Claim Remarks

**General Remarks:**

(1)  This plan makes a payment after any other Health Plan (including Medicare) only when the benefit under this plan is greater than the other Health Plan (or Medicare) payment. You are responsible for any applicable deductible, coinsurance and copayments before this plan can pay any benefits  R12

(2)  Your plan provides benefits for covered expenses at the prevailing charge level made for the service in the geographical area where it is provided. Your provider may not accept this amount as payment in full and you may reserve a bill for the difference between the submitted and paid charges. [917]

(3)  Your provider may have sent diagnosis codes with your claim. You may obtain these codes and their meanings by contacting us at the number listed at the top of the first page. We will also provide your treatment codes and their meanings, if they do not appear on this statement. If you have questions about your diagnosis or your treatment, please contact your provider. [163]

# aetna

Statement date: August 6, 2013
Member: DEON ALMARIE A HYDE
Member ID: W167611732
Group #: 032847S-10-121 AB P11+IG
Group name: BANK OF AMERICA
CORPORATION

## Your benefit balances to date for 1/1/13 to 12/31/13

| Description | | |
|---|---|---|
| **Individual** | Annual limit | Amount remaining |
| **Lemar (son)** | | |
| Medical In Network Deductible | $300.00 | $0.00 |
| Medical In Network Coinsurance | $2,000.00 | $0.00 |
| Medical Out of Network Deductible | $1,000.00 | $0.00 |
| Medical Out of Network Coinsurance | $4,000.00 | $762.60 |
| **Family** | Annual limit | Amount remaining |
| Medical In Network Deductible | $1,000.00 | $0.00 |

EOB Detail

## aetna®

Type your question here

Home | Coverage & Benefits | Claims | Care & Treatment | Health Records | Health Programs

You are logged in as DEON ALMARIE A HYDE

Home \ Claims \ Explanation of Benefits

# EOB Detail

Learn More About Your Explanation of Benefits

PRINT/DOWNLOAD  | Acrobat®Reader® 4.0 or higher is required to read this document. Download now

Return to EOB list                                    <<< Previous EOB  Next EOB >>>

## aetna®

Aetna Life Insurance Company
P O. BOX 14079
LEXINGTON, KY 40512-4079

Statement date: June 27, 2013

Member: DEON ALMARIE A HYDE
Member ID:  W167511722
Group #  0322475-10-121 AB P15+10
Group name:  BANK OF AMERICA
                        CORPORATION

QUESTIONS?  Contact us at aetna.com
1-877-444-1012
Or write to the address shown above.

DEON ALMARIE A HYDE
256 SW NORTH QUICK CIR
PORT SAINT LUCIE FL 34953-5077

THIS IS NOT A BILL
Keep this for your records

### Explanation of benefits:

#### A guide to key terms

| Term | This means | Your totals |
|---|---|---|
| Amount billed | The amount your doctor or health care provider billed for services. | $0.00 |
| Member rate | The agreed upon amount your doctor or health care provider in our network accepts as their fee | $0.00 |
| Pending or not payable. | A claim that needs more review by us or an amount we did not pay  You may or may not have to pay this. Read 'Your Claim Remarks' to learn more. | $27,575.50 |
| Deductible. | The amount you pay before your health plan will pay benefits. | $0.00 |
| Coinsurance | When you pay part of the bill and we pay part of the bill. This is your out-of-pocket amount | $0.00 |
| Copay | A fixed dollar amount you pay when you visit a doctor or other health care provider | $0.00 |

#### A helpful message
Eat right. Get five servings of fruits and vegetables a day. It is one of the best ways to prevent cancer, heart disease and stroke.

## Your claims up close

### Claim for Lamar (son)

| Claim ID: E081787TX00 Received on 07/4/13 | Amount billed | Member rate | Pending (Remarks) 🛈 | Applied to Deductible | Your copay | Amount remaining | Plan pays | Your coinsurance | You owe C=D+E+H+I |
|---|---|---|---|---|---|---|---|---|---|
| ROTARY WING AIR MILEAGE on 3/17/13 A5413 | 10,067.33 | | 10,067.33 (1) | | | | | | |
| ROTARY WING AIR TRANSPORT on 3/11/13 A0431 | 17,508.17 | | 17,508.17 (1) | | | | | | |
| Rocky Mountain Holdings, L | | | | | | | | | |
| Refer to Remarks Section | | | | | | (0) | | | |
| Totals | 27,575.50 | | 17,575.50 | | | | | | |

Continued on next page

aetna®

EXHIBIT "C"

**Rocky Mountain Holdings LLC**
PO Box 713375 • Cincinnati, OH 45271-3375
Customer Service: (888) 636-4438

**Air Medical Transport Services provided by: Air Methods Corporation**

| | | | |
|---|---|---|---|
| Patient Name: | Lemar Bailuy | Date of Call: | 03/17/2013 |
| Run Number: | 13-33847 | Time of Call: | 15:05:09 |
| Notice Date: | August 13, 2013 | From: | 27 12.353'n, 080 24.665'w |
| | | To: | St. Marys Hospital - W Palm Beach |

Lemar Bailuy
256 SW North Quick Cir
Port Saint Lucie FL 34953-6077

Primary Payor:    State Farm

Secondary Payor:    Aetna Commercial 14079

| Description | Qty. | Price | Contractual Allowance | Amount |
|---|---|---|---|---|
| A0431 Helicopter Rotor Base | 1 | 17908.57 | 0.00 | 17908.57 |
| A0436 Helicopter Rotor Miles | 37 | 10067.33 | 0.00 | 10067.33 |

Payor: Aetna Commercial 14079    Dep. Date: 08/06/2013    -$3681.60
Other Payments:    -$6911.54

**BALANCE DUE:**    $17382.76

Aetna has made payment on your claim. The balance due is your responsibility. We encourage you to submit this invoice to Aetna at the address listed on your ID card asking for reconsideration of your claim for out of network emergency services. Aetna will reconsider your claim, and in most instances, will remit additional payment on your claim, reducing or eliminating your financial responsibility. If you would like our assistance contacting Aetna, please contact our office toll free at (888) 636-4438 x2293. Any additional payments from Aetna may be sent to you directly  Please forward any payments you receive to our payment address.

*Please refer to your run number on all correspondence. - - Please see the reverse side for insurance information. - -*
Federal Tax ID #: 870533622                                                    WEXLNET038NVATI

***DETACH LOWER PORTION AND RETURN STUB WITH YOUR PAYMENT. THANK YOU ***

PO Box 2532
Fontana, CA 92334-2532
ADDRESS SERVICE REQUESTED

| Card number plus 3 or 4 digit security code (on back of card) | |
|---|---|
| Cardholder Name | EXP DATE / |
| Cardholder Signature | AMOUNT $ |

▼ PLEASE MAKE CHECKS PAYABLE TO ▼

August 13, 2013

Rocky Mountain Holdings LLC
PO Box 713375
Cincinnati, OH 45271-3375

13-33847-INVATI       112235948
Lemar Bailuy
266 SW North Quick Cir
Port Saint Lucie FL 34953-6077

| PATIENT NAME | | | AMOUNT DUE |
|---|---|---|---|
| Lemar Bailuy | | | $17382.76 |
| RUN NUMBER | DATE OF SERVICE | STATEMENT DATE | AMOUNT ENCLOSED |
| 13-33847 | 03/17/2013 | 08/13/2013 | $ |

EXHIBIT "D"

 **StateFarm**

**EXPLANATION OF REVIEW**
*This is not a bill*

Claim Number: 59-265S-842      Date of Loss: 03-17-2013      Office Name: State Farm Mutual Automobile
                                                                          Insurance Company
                                                                          Pip Mpc Florida

Patient:  Lemar Bailey                      Provider:   Rocky Mountain Holdings Llc Ne
          c/oSilver & Silver                            PO BOX 713362
          6100 GLADES RD STE 201                        CINCINNATI, OH 45271-0001
          BOCA RATON, FL 33434-4370

Claim Handler: Linda Mcgee                  Named Insured: HYDE, DEON
     Address: P.O. Box 106134               Policy Number: C266-794-59
              Atlanta, GA 30348-6134
       Phone: (866) 537-2716

Date Received: 04-23-2013                              TIN: 870533822
  Jurisdiction: Florida                    Payment Number: 119142621J
Bill Reference
     Number: 1333847                         Zip of Service: 34990

Diagnosis Codes: 839.8 - CLOSED DISLOCATION, MULTIPLE AND ILL-DEFINED SITES
                 799.1 - RESPIRATORY ARREST
                 780.09 - OTHER ALTERATION OF CONSCIOUSNESS
                 920 - CONTUSION OF FACE, SCALP, AND NECK EXCEPT EYE(S)

| Ln | Date of Service | POS | CPT/HCPC | MOD/TS | Units | Submitted Amount | Approved Amount | Reason |
|----|-----------------|-----|----------|--------|-------|------------------|-----------------|--------|
| 1  | 03-17-2013      | 42  | A0431    | IH     | 1.00  | $17,908.57       | $6,995.88       | 305    |
| 2  | 03-17-2013      | 42  | A0436    | IH     | 37.00 | $10,067.33       | $1,643.54       | 305    |

|                              |             |
|------------------------------|-------------|
| Total Submitted Charges:     | $27,975.90  |
| Total Approved Amount:       | $8,639.42   |
| Amount Not Payable:          | $1,727.88   |
| Deductible:                  | $0.00       |
| Apportionment / Pro Rata:    | $0.00       |
| Offset:                      | $0.00       |
| Paid Amount:                 | $6,911.54   |

**Explanations**
305 - Our payment for this service is based upon a reasonable amount pursuant to both the terms and conditions of the
policy of insurance under which the subject claim is being made as well as the Florida No-Fault Statute, which permits,
when determining a reasonable charge for a service, an insurer to consider usual and customary charges and payments
accepted by the provider, reimbursement levels in the community and various federal and state fee schedules applicable to
automobile and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for
the service  The payment for this service is based upon 200% of the Participating Level of Medicare Part B fee schedule for
the locale in which the services were rendered.

**Procedure Guide**
A0431 - Ambulance service, conventional air services, transport, one way (rotary wing)
A0436 - Rotary wing air mileage, per statute mile

DATE: 05-17-2013                        59-265S-842                        Professional